Jeffrey J. Hunt (5855)
David C. Reymann (8495)
Matthew J. Ball (9414)
PARR WADDOUPS BROWN GEE & LOVELESS
185 South State Street, Suite 1300
Salt Lake City, UT 84111
Telephone:      (801) 532-7840
Facsimile:      (801) 532-7750
Email:  jjh@pwlaw.com
          dcr@pwlaw.com
          mjb@pwlaw.com

James W. Shannon, Jr. (admitted in California, filing *pro hac vice*)
Amanda L. Morgan (admitted in California, filing *pro hac vice*)
Lauren E. Geissler (admitted in California, filing *pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:      (415) 439-1400
Facsimile:      (415) 439-1500
Email: jshannon@kirkland.com
          morganA@kirkland.com
          lgeissler@kirkland.com

Attorneys for Plaintiff NEWAYS INC.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NEWAYS INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS ELWIN MOWER, SR., an individual, THOMAS MOWER, JR., an individual, DARICK MOWER, an individual, SISEL INTERNATIONAL, LLC, a Utah limited liability company, and SUPRANATURALS LLC, a Utah limited liability company, KOJI YAMAMOTO, an individual, TORU EGASHIRA, an individual, FUMIKO MATSUMOTO, an individual,<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF NEWAYS' *EX PARTE* MOTION TO FILE UNDER SEAL UNREDACTED VERSIONS OF SUBMISSIONS IN SUPPORT OF MOTIONS FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND WRIT OF REPLEVIN**<br><br><br>Case No. 2:07-cv-339<br><br>Judge J. Thomas Greene |

Plaintiff Neways Inc. ("Neways"), through its undersigned counsel, respectfully submits this Memorandum in Support of its Motion to File Under Seal Unredacted Versions of Submissions in Support of Motions for Temporary Restraining Order, Preliminary Injunction, and Writ of Replevin.

Rather than seek an overbroad, blanket protective order authorizing the filing of all of its submissions in this trade secret misappropriation case under seal, Neways has carefully examined its submissions ("TRO Submissions") and redacted from its public court filings in this case only confidential and proprietary information that, if disclosed to competitors and others, would cause significant and irreparable harm to it.  Neways has filed the redacted versions of its TRO Submissions with the Court.

So that the Court and opposing counsel may have access to the redacted material in the TRO Submissions and be fully informed in this matter, Neways seeks a Court order authorizing it to file complete, unredacted versions of the TRO Submissions under seal and restricting access to the redacted material on an "attorneys eyes only" basis until the parties have an opportunity to stipulate to entry of an appropriate protective order.

 The information redacted from Neways' TRO Submissions constitutes trade secrets and/or highly sensitive confidential commercial information that is proprietary to Neways.  Such information includes Neway's confidential financial information and sensitive distributor information.  Protection of such information specifically authorized by Rule 26(c) of the *Federal Rules of Civil Procedure*, which allows the Court to order that "trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way[.]" Fed. R. Civ. P. 26(c)(7).  *See also Proctor & Gamble v. Haugen*, 222 F.3d 1262, 1267 (10th Cir. 2000) (quoting *Seattle Times Co., Inc. v. Rinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984)) ("the Supreme Court has noted that a state rule patterned after Rule 26(c)

220302.1

'confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required'") *Centurion Indus. Inc. v. Warren Steurer & Assoc.,* 665 F.2d 323, 326 (10th Cir. 1981) ("It is within the sound discretion of the trial court to decide whether trade secrets are relevant and whether the need outweighs the disclosure.  Likewise, if the trade secrets are deemed relevant and necessary, the appropriate safeguards that should attend their disclosure by means of a protective order are also a matter within the trial court's discretion.").

Accordingly, Neways respectfully requests that the Court enter a provisional order, the proposed form of which is submitted herewith, permitting Neways to file under seal unredacted versions of its TRO Submissions, as well any future submissions containing Neways' trade secrets and/or confidential and proprietary information, and restricting access to the redacted material on an "attorneys eyes only" basis until the parties have an opportunity to stipulate to entry of an appropriate protective order.

RESPECTFULLY SUBMITTED this 23rd day of May 2007.

PARR WADDOUPS BROWN GEE & LOVELESS

By:    /s/ Jeffrey J. Hunt

Jeffrey J. Hunt
David C. Reymann
Matthew J. Ball
Attorneys for Plaintiff Neways Inc.

KIRKLAND & ELLIS LLP
James W. Shannon, Jr.
Amanda L. Morgan
Lauren E. Geissler

Attorneys for Plaintiff Neways Inc.

220302.1

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the 23rd day of May 2007, a true and correct copy of the

foregoing **MEMORANDUM IN SUPPORT OF NEWAYS' EX PARTE MOTION TO FILE**

**UNDER SEAL UNREDACTED VERSIONS OF SUBMISSIONS IN SUPPORT OF**

**MOTIONS FOR TEMPORARY RESTRAINING ORDER AND WRIT OF REPLEVIN**

was served via hand-delivery on the following:

> Douglas B. Thayer
> HILL JOHNSON & SCHMUTZ
> RiverView Plaza, Suite 300
> 4844 North 300 West
> Provo, Utah 84604-5663

/s/ Jeffrey J. Hunt
Jeffrey J. Hunt

- 4 -

220302.1