Jeffrey J. Hunt (5855)
D. Craig Parry (7274)
David C. Reymann (8495)
Matthew J. Ball (9414)
**PARR WADDOUPS BROWN GEE & LOVELESS**
185 S. State Street, Suite 1300
Salt Lake City, UT  84111
Telephone:  (801) 532-7840
Facsimile:  (801) 532-7750
Email:  jjh@pwlaw.com
            dcp@pwlaw.com
            dcr@pwlaw.com
            mjb@pwlaw.com

James W. Shannon, Jr. (*pro hac vice*)
Amanda L. Morgan (*pro hac vice*)
Lauren E. Geissler (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA  94104
Telephone:  (415) 439-1400
Facsimile:  (415) 439-1500
Email:  jshannon@kirkland.com
            morgana@kirkland.com
            lgeissler@kirkland.com

Attorneys for Plaintiff Neways, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| NEWAYS INC., a Utah corporation,<br><br>            Plaintiff,<br><br>v.<br><br>THOMAS ELWIN MOWER, SR., an individual, THOMAS MOWER, JR., an individual, DARICK MOWER, an individual, MARLIN HARMON, an individual, MARION SHIRLEY, an individual, SISEL INTERNATIONAL, LLC, a Utah limited liability company, SUPRANATURALS LLC, a Utah limited liability company, SISEL JAPAN KABUSHIKI KAISHA, a Japanese joint stock corporation, KOJI YAMAMOTO, an individual, YUGENGAISHA YUUAI CORPORATION, a Japanese limited liability corporation, TORU EGASHIRA, an individual, FUMIKO MATSUMOTO, an individual, RICHARD M. NIBLEY, an individual, and DOES 1-75,<br><br>            Defendants. | **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF NEWAYS' MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**<br><br>**(Hearing Scheduled for December 17, 2007)**<br><br>Case No. 2:07-CV-339<br><br>Judge Bruce S. Jenkins |

Plaintiff Neways, Inc. ("Neways") hereby submits this Supplemental Memorandum in Support of its Motion for Sanctions for Spoliation of Evidence, filed October 23, 2007. This Memorandum addresses new information received only days ago about additional destruction of evidence by Defendants in clear violation of this Court's Evidence Preservation Order.

## INTRODUCTION

Last week, Neways received additional information about Defendants' intentional destruction of evidence and disregard for this Court's orders. Because this new evidence bears directly on Neways' pending Motion for Sanctions for Spoliation of Evidence, it is submitted to the Court in connection with that Motion.

The new information is a third report issued by Kroll Ontrack, the court-appointed independent expert in this case. It concerns the computer that was used by Gary Chlarson, a former high-level employee at Defendant SupraNaturals, LLC. This computer should have been a critical source of evidence in this case. As detailed in Neways' initial memorandum, Defendants used Mr. Chlarson's computer to store documents that they had stolen from Neways that proved they had misappropriated Neways' confidential information. After this lawsuit was filed, Defendants altered and deleted files from that computer that showed their incriminating conduct. Forensic recovery of the deleted data on Mr. Chlarson's computer would have been extremely helpful in this case.

That is, if the data still existed. However, just days after this Court entered its Evidence Preservation Order and unequivocally ordered the parties to preserve "all data" under threat of sanctions, Defendants intentionally and permanently destroyed more than 80% of the data on Mr. Chlarson's computer, choosing to preserve only selected files for production to Neways. That

data—including ***all of the stolen Neways documents that Defendants improperly deleted***—is now permanently gone and cannot be recovered, even by the court-appointed expert.

Given what is already known about Defendants' extensive destruction of other evidence in this case, this latest information is unsurprising, but deplorable nonetheless. Once again, Defendants' flagrant disregard of their discovery obligations and this Court's Evidence Preservation Order has deprived Neways of its right to receive critical evidence in this case that could have conclusively established Defendants' theft of Neways' property. To say that Defendants' conduct warrants sanctions is an understatement. Defendants' Answer should be stricken and their default entered.

## SUPPLEMENTAL FACTS

### Background

1. Gary Chlarson was hired by Thomas Mower, Sr. in early 2005 as General Manager of the SupraNaturals production plant and, subsequently, made head of new construction. [Declaration of Gary Chlarson ("Chlarson Decl.") ¶¶ 2-4.][1]

2. Mr. Chlarson had a work computer at SupraNaturals, onto which Defendant Marlin Harmon had downloaded a copy of multi-million dollar manufacturing facility plans that Defendants had secretly stolen from Neways (the "Manufacturing Facility Plans"). These Plans are described in detail in Neways' initial memorandum. [Chlarson Decl. ¶¶ 30-33.]

3. In early June 2007, after this lawsuit was filed and Neways informed the Court of its concerns that Defendants would begin destroying evidence, Mr. Harmon in fact began instructing SupraNaturals employees to destroy and "get rid of" Neways' documents relevant to this case. In connection with this destruction, Mr. Harmon accessed Mr. Chlarson's computer

---

[1] Mr. Chlarson's Declaration was filed under seal on October 23, 2007.

and altered documents to delete references to "Neways" on the Manufacturing Facility Plans. [*Id.* ¶ 34.] Mr. Harmon also instructed Mr. Chlarson "to make sure the deletions were complete" by reviewing the Manufacturing Facility Plans on Mr. Chlarson's computer and deleting any references to Neways that Mr. Harmon had missed. [*Id.* ¶ 35.]

4. Days later, on June 15, 2007, this Court entered an Evidence Preservation Order that made crystal clear the parties' obligations to "***hang on to everything that you have got. Don't destroy it, don't modify it, keep it. . . . . [your clients] should understand that they are to preserve everything. . . . All data. It is inclusive.***" The Court was equally clear that severe sanctions would issue for violation of the Court's ruling: "***If people don't preserve everything and the Court finds out about it, the Court is very good about sending people over to what used to be Pete Hayward's Bastille . . . .***"[2] [Transcript of June 15, 2007 Hearing pp. 33-35 (emphasis added), attached as Exhibit E to the Hunt Declaration, filed October 23, 2007.]

5. Defendants began violating this Court's order almost immediately. Much of this conduct is detailed in Neways' initial memorandum, which is based on two Analysis Reports issued by Kroll Ontrack, the neutral, court-appointed forensic expert, and need not be repeated. Last week, however, Ontrack issued a Third Analysis Report addressing Mr. Chlarson's computer. This Report, like Ontrack's previous two, confirms that Defendants violated this Court's Evidence Preservation Order and intentionally destroyed more than 80% of the data on Mr. Chlarson's computer—including the deleted stolen documents from Neways—only days

---

[2] The Court has reiterated this instruction since, stating again on September 10 that "I want to make darn sure that everybody knows that people are to hang on to records. Were ordered to hang on to records. . . . I want to be thoroughly understood that we did have an order entered in reference to record preservation. And I don't want to have to sort out whether somebody has complied with that or not. But people should be aware that they were to preserve. It said what it said." [Hearing Transcript, September 10, 2007, p. 14 (excerpts attached to the Declaration of David C. Reymann ("Reymann Decl."), filed concurrently herewith, as Exhibit B).] *See also* formal Evidence Preservation Order, entered July 17, 2007.

after the Court's stern instructions and threat of sanctions on June 15, 2007.  [*See* Third Analysis Report, attached to the Reymann Decl. as Exhibit A.]

### **Defendants' Destruction of Evidence on Mr. Chlarson's Computer**

6. Given the central relevance of Mr. Chlarson's computer to this case, Neways requested that it be produced to Ontrack and forensically imaged to recover the stolen documents that Defendants had deleted.  Defendants, however, could not produce that computer, claiming it had been "reassigned" when Mr. Chlarson left SupraNaturals' employ. [Reymann Decl. Ex. C, attaching correspondence from Defendants' counsel.]  Instead, they produced only what is called a partial "GHOST image" of Mr. Chlarson's computer, which Defendants apparently created instead of preserving the entire computer itself for discovery, as the Court had ordered.  [*Id;* Third Analysis Report at 3-4.]

7. To create this partial image, Defendants used a program called Norton GHOST. This program allows a user to create a full "actual image" of a hard drive, which would have preserved 100% of the data on the drive (including, significantly, files that had been deleted and were stored in the unallocated drive space), and thus would have complied with this Court's Evidence Preservation Order.  As Ontrack concluded, "if the user had specified the correct options when the [Chlarson] 'image' was created, 100% of the data from the original media would have been copied." [*Id.* at 3-5, 7.]

8. Defendants, however, chose not to preserve 100% of the data on that drive.  In fact, they did not even come close.  Ontrack has determined that the options Defendants used on Norton GHOST—including turning on an option called "Allows Deletes"—failed to preserve

***81% of the data on Mr. Chlarson's computer***, including at least six different categories of crucial data, all of which are now gone:

- <u>All</u> unallocated clusters on the drive, where the files that had been stolen from Neways and deleted by Defendants would have resided, consisting of <u>60.3 gigabytes</u> of data;

- <u>All</u> of the "slack data" on the drive, which also contains evidence of files that Defendants had deleted, consisting of 1.0 gigabyte of data;

- The Windows "pagefile.sys" file, which includes files like "emails, user passwords, images, or any other data," consisting of 1.6 gigabytes of data;

- The Windows "hiberfil.sys" file, which contains a record of settings used by a machine that has hibernated, consisting of 1.0 gigabyte of data;

- At least 27 deleted files on the computer that now point to random data, rather than actual deleted files; and

- A "hash," or "digital fingerprint" of the computer, which is necessary "so that the copy can be validated against the original.  A GHOST image does not generate a digital fingerprint and does not allow for this type of comparison."

[*Id.* at 4-8 & nn. 3-5.]

9.  Not only did Defendants' selective retention cover any tracks of stolen deleted documents, it also erased any evidence of their use of data wiping programs like Evidence Eliminator or Windows Wiper.  As Ontrack explains in its report, the "lack of data" preserved by Defendants in the GHOST image prevents Ontrack from examining indicia of wiping in the drive's unallocated clusters or false MFT records.  [*Id.* at 3, 7-8.]

10. As a result of Defendants' failure to create an actual image of Mr. Chlarson's computer, Ontrack concluded that Defendants had preserved only 19% of the data on that computer. The remaining 81% of the data is gone, consisting of over <u>63 gigabytes of data</u>. [*Id.* at 3, 7.]

11. Even worse, Ontrack was able to determine *when* Defendants had destroyed this data and created the GHOST image. It occurred on June 20, 2007—five days after this Court had unequivocally ordered the parties to "preserve everything" in their possession, including "all data," or be sanctioned. [*Id.* at 4-5, 6-7.] Defendants' violated this Order and should be sanctioned.

## CONCLUSION

Neways respectfully requests that this newly-obtained information be considered in connection with its pending Motion for Sanctions for Spoliation of Evidence.

RESPECTFULLY SUBMITTED this 12th day of November 2007.

/s/ David C. Reymann
Jeffrey J. Hunt
D. Craig Parry
David C. Reymann
Matthew J. Ball
**PARR WADDOUPS BROWN GEE & LOVELESS**

and

James W. Shannon, Jr.
Amanda L. Morgan
Lauren E. Geissler
**KIRKLAND & ELLIS LLP**

Attorneys for Plaintiff Neways Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of November 2007, I filed the foregoing **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF NEWAYS' MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE** via the CM/ECF system, which will electronically serve the following:

>R. Stephen Marshall
>Erik A. Olson
>DURHAM JONES & PINEGAR
>111 East Broadway, Suite 900
>Salt Lake City, Utah 84111
>
>Douglas B. Thayer
>HILL JOHNSON & SCHMUTZ
>RiverView Plaza, Suite 300
>4844 North 300 West
>Provo, Utah 84604-5663
>
>Mark F. James
>HATCH, JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101

/s/ David C. Reymann